## UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **FRANCIS L. NAGLE,** | ) | **CIVIL ACTION - LAW** |
| | ) | |
| **Plaintiff** | ) | Case No.: |
| | ) | |
| **v.** | ) | |
| | ) | |
| **ROBERT W. COX and** | ) | **JURY TRIAL DEMANDED** |
| **SWIFT TRANSPORTATION** | ) | |
| **SERVICES, INC.** | ) | |
| **Defendants** | ) | |

### <u>DEFENDANTS' NOTICE OF REMOVAL</u>

AND NOW, come Defendants, Robert W. Cox and Swift Transportation Services, Inc., by and through their undersigned counsel, and REMOVE the above-captioned lawsuit pursuant to 28 Pa. U.S.C. Section 1441 *et seq.* from the Court of Common Pleas of Lackawanna County, Pennsylvania where it has been assigned docket number 18-CV-6814, to the United States District Court for the Middle District of Pennsylvania, and in support thereof aver the following:

### Removal is Timely

1.      On December 21, 2018, Plaintiff, Francis L. Nagle, filed a Complaint in the Court of Common Pleas of Lackawanna County, Pennsylvania at docket number 18-CV-6814. <u>See</u> Plaintiff's Complaint attached hereto as Exhibit "A."

2.      Upon information and belief, Defendant, Robert W. Cox ("Cox") was served with Plaintiff's Complaint on December 28, 2018.

3.      Upon information and belief, Defendant, Swift Transportation Services, Inc. ("Swift") was served with Plaintiff's Complaint on December 31, 2018.

4.      This Notice of Removal is filed with this Court within thirty (30) days after receipt of the initial pleading by Defendants and within one (1) year after commencement of this action.  Therefore, this Notice is timely filed pursuant to 28 U.S.C. Section 1446(b)(1).

### Diversity of Citizenship Exists Under 28 U.S.C. Section 1332

5.      Upon information and belief, and according to the Complaint, Plaintiff is a resident of and domiciled in the State of Missouri.  See Exhibit "A." ¶ 1.

6.      Defendant Cox is a resident of and domiciled in the State of West Virginia.

7.      Defendant Swift is a business entity with a principle place of business and organized under the laws of the State of Arizona.

8.      Therefore, complete diversity exists between the parties.

### Amount in Controversy Exceeds $75,000 for Plaintiff

9.     Plaintiff alleges that Defendants caused severe and permanent injuries that include, but are not limited to: non displaced fractures of the left anterior 4th, 5th, 6th, 7th and 8th ribs, neck pain, low back pain, myfascial pain syndrome, muscle spasms, facet syndrome, limited range of motion of the cervical and lumbar spine, cervical stiffness, left shoulder pain, intervertebral disc herniations at multiple levels with bilateral radiculopathy, and permanent shock to his nerve and nervous system.   See Exhibit "A," ¶ 8.    Plaintiff's Complaint further alleges that Defendants caused an impairment of his earning capacity and power.   Id. ¶ 12.

10.     Plaintiff demands judgment against Defendants in a sum in excess of $50,000.00, together with costs and interests.

11.     If all of Defendants' defenses fail, and if Plaintiff proves all of his damages, the damages would exceed $75,000.00, exclusive of interests and costs. Therefore, the amount in controversy in the state court action, exclusive of interests and cots, exceeds $75,000.00.

### Diversity Jurisdiction is Satisfied

12.     Based upon the above, this Honorable Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 in that Plaintiff's Complaint presents a case where the amount in controversy exceeds the sum of

$75,000.00, exclusive of interest and costs, and is between citizens of different states.

13.     Notice of Removal has been given to all parties as well as to the Court of Common Pleas of Lackawanna County, Pennsylvania pursuant to 28 U.S.C. § 1446(d).

14.     The only pleading filed in the Lackawanna County Court of Common Pleas is Plaintiff's Complaint attached hereto as Exhibit "A."

15.     The current action pending in the Court of Common Pleas of Lackawanna County, Pennsylvania is within the jurisdiction of the United States District Court for the Middle District of Pennsylvania, and for the reasons stated above, removal of this action to the Middle District of Pennsylvania is just and proper under the law.

16.     In filing this Notice of Removal, Defendants do not waive any affirmative defenses they may assert in the within action, nor should any statements in this Notice be construed as admissions to the allegations in Plaintiff's Complaint.

WHEREFORE, Defendants, Defendants, Robert W. Cox and Swift Transportation Services, Inc., pray that this case be removed from the Common Pleas Court of Lackawanna County, Pennsylvania to the United States District Court for the Middle District of Pennsylvania.

# EXHIBIT A

Munley Law, P.C.
The Forum Plaza
227 Penn Avenue
Scranton, Pa 18503

JAN 0 3 2019

**Attorneys for Plaintiff**

| | |
|---|---|
| FRANCIS L. NAGLE, | IN THE COURT OF COMMON PLEAS |
| | OF LACKAWANNA COUNTY |
| Plaintiff | |
| | CIVIL ACTION – LAW |
| vs. | |
| | JURY TRAL DEMANDED |
| ROBERT W. COX and | |
| SWIFT TRANSPORTATION SERVICES, | |
| INC. | |
| | |
| Defendants | NO. 18 CV 6814 |

## NOTICE

You have been sued in Court. If you wish to defend against the claims set forth in the following pages, you must take action within 20 days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the Court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the Court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

| | |
|---|---|
| Northern Pa. Legal Services | Lawyer Referral Service |
| 507 Linden Street - Suite 300 | Lackawanna Bar Association |
| Scranton, PA 18503-1631 | 338 N. Washington Ave., 3rd Fl. |
| (570) 342-0184 | Scranton, PA 18503-1410 |
| | (570) 969-9600 |

Munley Law, P.C.
The Forum Plaza
227 Penn Avenue
Scranton, Pa  18503                     **Attorneys for Plaintiff**

| | | |
|---|---|---|
| FRANCIS L. NAGLE, | : | IN THE COURT OF COMMON PLEAS |
| | : | OF LACKAWANNA COUNTY |
| Plaintiff | : | |
| | : | CIVIL ACTION – LAW |
| vs. | : | |
| | : | JURY TRAL DEMANDED |
| ROBERT W. COX and | : | |
| SWIFT TRANSPORTATION SERVICES, | : | |
| INC. | : | |
| | : | |
| Defendants | : | NO. |

## COMPLAINT

NOW comes Plaintiff, Francis L. Nagle, by and through his undersigned counsel, Munley Law, P.C., and avers as follows:

1.  Plaintiff, Francis L. Nagle, is an adult individual who currently resides at 2562 S. Dry Branch Lane, Republic, Missouri, 65738.

2.  Defendant, Robert W. Cox, is an adult individual currently residing at 287 Ditto Farm Drive, Falling Waters, West Virginia, 25419.

3.  Defendant, Swift Transportation Services, Inc., upon information and belief, is a business entity with an address of doing business at 2200 S. 75th Avenue, Phoenix, Arizona, 85043, and at all times material hereto, conducted business in the Commonwealth of Pennsylvania, and regularly conducted business in Lackawanna County, Pennsylvania.

4.  At all times pertinent hereto, Defendant, Robert W. Cox, was the agent, servant, workman, and/or employee of Defendant, Swift Transportation Services, Inc., and was acting within the course and scope of his employment.

5.  On October 10, 2017, at approximately 8:10 p.m., Plaintiff was traveling west on the

Pennsylvania Turnpike in Denver Borough, Lancaster County, Pennsylvania in a 2016 Freightliner that was owned by his employer, Celadon Trucking Services.

6.  At the same place and time, Defendant, Robert W. Cox, was the operator of a 2015 Kenworth tractor trailer bearing Indiana registration number 2264052 that was owned by Defendant, Swift Transportation Services, Inc.  Said vehicle shall hereinafter be referred to as the "Kenworth."

7.  At all times pertinent hereto, Defendant, Robert W. Cox, was driving the Kenworth directly behind the vehicle operated by Plaintiff in such a negligent, reckless, and careless manner that he failed to stop the Kenworth and caused it to violently collide into the rear of Plaintiff's vehicle.

8.  As a result of the aforesaid accident, Plaintiff suffered severe and permanent personal injuries including, but not limited to, nondisplaced fractures of the left anterior 4th, 5th, 6th, 7th, and 8th ribs, neck pain, low back pain, myofascial pain syndrome, muscle spasms, facet syndrome, limited range of motion of the cervical and lumbar spine, cervical stiffness, left shoulder pain, intervertebral disc herniations at multiple levels with bilateral radiculopathy, and permanent shock to his nerve and nervous system, by reason of which he was rendered sore, lame, forced to undergo great mental anguish, physical pain, embarrassment and humiliation which will continue into the future, because his injuries are permanent in nature.

9.  As a result of the aforesaid accident and injuries sustained in the collision described above, Plaintiff has been forced to undergo medical treatment and will be forced to undergo medical treatment in the future, because his injuries are permanent in nature.

10.  As a result of the injuries sustained in the collision which is described above, Plaintiff has been obliged to expend money for medical services and medical attention, x-rays,

diagnostic studies and medication, and other expenses in an effort to treat and cure himself of the injuries sustained in this accident, and he will be obligated to expend additional sums of money for the same purposes in the future because his injuries are permanent in nature.

11.    As a result of the collision described above and the injuries suffered, Plaintiff has suffered physical pain and suffering, mental anguish, humiliation, emotional distress, discomfort, inconvenience, and loss of ability to enjoy the pleasure of life, all of which will be permanent in nature, and will continue indefinitely in the future.

12.    As a result of the injuries described above, Plaintiff has suffered earnings and/or loss of earning capacity.

13.    As a result of the collision and injuries suffered by Plaintiff, he has experienced the following damages, losses, and disabilities consisting of but not limited to the following:

   a)    Past, present and future pain suffering;

   b)    Past, present and future emotional distress and mental anguish;

   c)    Past, present and future medical expenses;

   d)    Past, present and future disfigurement and scarring;

   e)    Past, present and future loss of life's pleasures.

14.    All of the conditions, disabilities, and medical impairments and/or injuries and damages suffered by Plaintiff are directly related to the tortuous actions of Defendant, Richard W. Cox, and Defendant, Swift Transportation Services, LLC.

## COUNT I
### Francis L. Nagle vs. Richard W. Cox
### Negligence

15.    Paragraphs 1-14 are incorporated herein by reference as if fully set forth here at length.

16.     The aforesaid accident was due to the negligent, careless, gross, wanton, and reckless conduct of Defendant, Richard W. Cox, and in no way due to any negligent act or failure to act on the part of the Plaintiff.

17.     The negligent, careless, gross, wanton and reckless conduct of Defendant, Richard W. Cox, consisted of the following:

      a)  Careless driving;

      b)  Failing to properly observe the roadway;

      c)  Failing to properly brake the Kenworth;

      d)  Failing to maneuver the Kenworth so as to avoid a collision;

      e)  Failure to maintain adequate control over the Kenworth;

      f)  Failure to keep his eyes on the roadway;

      g)  Failure to take proper evasive action so as to avoid the accident;

      h)  Failing to operate the Kenworth in a safe manner in accordance with the conditions then and there present;

      i)  Operating the Kenworth without due regard for the rights, safety and position of the Plaintiff lawfully on the roadway;

      j)  Operating the Kenworth at too great a speed for the conditions then and there existing;

      k)  Failure to bring the Kenworth to a stop within the assured clear distance ahead;

      l)  Following too closely behind Plaintiff's vehicle;

      m)  Operating the Kenworth while being distracted and/or fatigued;

n) Failure to operate, maintain, inspect and repair the Kenworth in accordance with the applicable Federal Motor Carrier Safety Regulations 49 C.F.R. 390 et seq., specifically 390.11, 390.13, 391.1, 391.11, 391.13, 391.21, 391.23, 391.25, 391.27, 391.31, 391.33, 391.41, 391.43, 391.51, 391.53, 392.3, 392.4, 392.6, 395.11 through 395.3, 395.8, 396.3 and 396.7;

o) Operating the Kenworth in violation of the rules and regulations of the Federal Motor Carrier Safety Regulations;

p) Operating the Kenworth when he was so fatigued as to make it unsafe for him to operate the tractor-trailer in violation of 49 C.F.R.§ 392.3;

q) Operating the Kenworth in excess of the applicable hours of service in violation of 49 C.F.R. § 395.3;

r) Failure to record his duty status properly in violation of 49 CFR § 395.8;

s) Driving with brakes out of adjustment in violation of 49 C.F.R. § 393.47(e);

t) Driving with inadequate brakes for safe stopping in violation of 49 C.F.R. § 393.47(a);

u) Failure to inspect the vehicle prior to operating the vehicle;

v) Failure to give warning of his approach;

w) Operating a vehicle with insufficient brake performance in violation of 49 C.F.R. § 393.52;

x) Failure to properly inspect the Kenworth in accordance with 49 C.F.R. § 392.7;

y) Operating the Kenworth in such a condition as to likely cause an accident or a breakdown of the vehicle in violation of 49 C.F.R. § 396.7; and

z) Failure to obey the rules of the road, the statutes of the Commonwealth of Pennsylvania and the ordinances of Denver Borough, Pennsylvania, in and about operating a vehicle on the highways and roadways of the Commonwealth of Pennsylvania.

18.   As a result of the above stated acts and omissions, Plaintiff has suffered such harm as previously stated herein.

**WHEREFORE**, Plaintiff demands judgment in his favor and against Defendant, Robert W. Cox, in an amount in excess of $50,000.00 plus delay damages, costs, and such other relief as this Court deems appropriate.

## COUNT II
### Francis L. Nagle vs. Swift Transportation Services, LLC
### Negligence

19.   Paragraphs 1-18 above are incorporated herein by reference as if fully set forth here at length.

20.   The aforesaid accident was due to the negligent, careless, gross, wanton and reckless conduct of Defendant, Swift Transportation Services, LLC, its agents, servants, workmen and/or employees, and in no way due to any negligent act or failure on the part of the Plaintiff.

21.   The negligent, careless, gross, wanton and reckless conduct of Defendant, Swift Transportation Services, Inc., by and through its agents, servants, workmen and employees including, but not limited to, Defendant, Robert W. Cox, consisted of the following:

a) Careless driving;

b) Failing to properly observe the roadway;

c) Failing to properly brake the Kenworth;

d) Failing to maneuver the Kenworth so as to avoid a collision;

e) Failure to maintain adequate control over the Kenworth;

f) Failure to keep his eyes on the roadway;

g) Failure to take proper evasive action so as to avoid the accident;

h) Failing to operate the Kenworth in a safe manner in accordance with the conditions then and there present;

i) Operating the Kenworth without due regard for the rights, safety and position of the Plaintiff lawfully on the roadway;

j) Operating the Kenworth at too great a speed for the conditions then and there existing;

k) Failure to bring the Kenworth to a stop within the assured clear distance ahead;

l) Following too closely behind Plaintiff's vehicle;

m) Operating the Kenworth while being distracted and/or fatigued;

n) Failure to operate, maintain, inspect and repair the Kenworth in accordance with the applicable Federal Motor Carrier Safety Regulations 49 C.F.R. 390 et seq., specifically 390.11, 390.13, 391.1, 391.11, 391.13, 391.21, 391.23, 391.25, 391.27, 391.31, 391.33, 391.41, 391.43, 391.51, 391.53, 392.3, 392.4, 392.6, 395.11 through 395.3, 395.8, 396.3 and 396.7;

o) Operating the Kenworth in violation of the rules and regulations of the Federal Motor Carrier Safety Regulations;

p) Operating the Kenworth when he was so fatigued as to make it unsafe for him to operate the tractor-trailer in violation of 49 C.F.R.§ 392.3;

q) Operating the Kenworth in excess of the applicable hours of service in violation of 49 C.F.R. § 395.3;

r) Failure to record his duty status properly in violation of 49 CFR § 395.8;

s) Driving with brakes out of adjustment in violation of 49 C.F.R. § 393.47(e);

t) Driving with inadequate brakes for safe stopping in violation of 49 C.F.R. § 393.47(a);

u) Failure to inspect the vehicle prior to operating the vehicle;

v) Failure to give warning of his approach;

w) Operating a vehicle with insufficient brake performance in violation of 49 C.F.R. § 393.52;

x) Failure to properly inspect the Kenworth in accordance with 49 C.F.R. § 392.7;

y) Operating the Kenworth in such a condition as to likely cause an accident or a breakdown of the vehicle in violation of 49 C.F.R. § 396.7; and

z) Failure to obey the rules of the road, the statutes of the Commonwealth of Pennsylvania and the ordinances of Denver Borough, Pennsylvania, in and about operating a vehicle on the highways and roadways of the Commonwealth of Pennsylvania.

22. The negligent, careless, gross, wanton and reckless conduct of Defendant, Swift Transportation Services, LLC, in its own right, consisted of the following:

a) Negligently entrusting Defendant, Robert W. Cox, with the vehicle it owned, when it knew or should have known that he lacked sufficient skill, judgment and prudence in the operation of a motor vehicle;

b) Failing to adequately instruct Defendant, Robert W. Cox, in the safe operation of a motor vehicle prior to entrusting him with its vehicle;

c) Failure to prevent Defendant, Robert W. Cox, from operating its vehicle until he had sufficient ability to operate the motor vehicle safely;

d) Failure to adequately ascertain that Defendant, Robert W. Cox, lacked the ability necessary to safely operate its vehicle under the circumstances;

e) Failure to provide Defendant, Robert W. Cox, with the equipment to safely operate a tractor trailer;

f) Failure to operate, maintain, inspect and repair the vehicle in accord with the applicable Federal Motor Carrier Safety Regulation, 49 C.F.R. 390 et seq., specifically 390.11, 390.13, 391.1, 391.11, 391.13, 391.21, 391.23, 391.25, 391.27, 391.31, 391.33, 391.41, 391.43, 391.51, 391.53, 392.3, 392.4, 392.6, 395.11 through 395.3, 395.8, 396.3 and 396.7 which have been adopted in this Commonwealth pursuant to 67 Pa. Code §229.14;

g) Failure to properly qualify Defendant, Robert W. Cox, as required by Federal Motor Carrier Safety Regulation 49 C.F.R. 391 et seq.;

h) Failure to provide its employee, Defendant, Robert W. Cox, with proper training necessary to drive the vehicle;

i) Operating the vehicle in violation of the rules and regulations of the Federal Motor Carrier Safety Regulations;

j) Failure to conduct a background check of Defendant, Robert W. Cox 's, driving record as required by 49 CFR 391 et seq.;

k) Permitting its employee, Defendant, Robert W. Cox , to operate the tractor-trailer when it knew or should have known that he was too fatigued to do so safely, in violation of 49 C.F.R. 392.3;

l) Permitting its employee, Defendant, Robert W. Cox , to operate its vehicle when it knew or should have known that he was operating the vehicle in excess of the applicable hours of service in violation of 49 C.F.R. 395.3;

m) Permitting its employee, Defendant, Robert W. Cox , to continue to operate its vehicle when it knew or should have known that he was not recording his duty status accurately in violation of Federal Motor Carrier Safety Regulation 49 C.F.R. 395.8;

n) Permitting its employee, Defendant, Robert W. Cox , to operate its vehicle when it knew or should have known he would drive while being distracted;

o) Aiding, abetting, encouraging, and/or requiring its agents, servants, workmen and employees, including but not limited to Defendant, Robert W. Cox , to violate the Federal Motor Carrier Safety Regulations in violation of 49 C.F.R. §390.13; and

p) Failure to properly supervise Defendant, Robert W. Cox , in the operation of a tractor-trailer to ensure compliance with the Federal Motor Carrier Safety Regulations.

23.   As a result of the above stated acts and omissions, Plaintiff has suffered such harm as previously stated herein.

**WHEREFORE,** Plaintiff demands judgment in his favor and against Defendant, Swift

Transportation Services, LLC, in an amount in excess of $50,000.00 plus delay damages, costs, and such other relief as this Court deems appropriate.

**COUNT III**
**Francis L. Nagle vs. Robert W. Cox**
**Punitive Damages**

24.     Paragraphs 1-23 above are incorporated herein by reference as if fully set forth here at length.

25.     The aforementioned conduct of Defendant, Robert W. Cox, was outrageous, done willfully, wantonly and with reckless indifference to the rights of the public including Plaintiff. Defendant, Robert W. Cox , knew or should have known that operating the Kenworth at an excess rate of speed for the conditions then present and failing to keep a proper look out while operating the Kenworth would result in serious injury to others driving on the roadway. Defendant, Robert W. Cox , knew or should have known, that operating the Kenworth without checking for other vehicles would result in serious injury to others driving on the roadway. Defendant, Robert W. Cox , knew or should have known that operating the Kenworth when he was too fatigued to do so safely, when he was in violation of the applicable hours of service regulations, operating the vehicle with careless disregard for the safety of others, while disregarding the safety of other drivers on the roadway and operating the Kenworth in violation of the rules and regulations of the Federal Motor Carrier Act would result in serious injury to others driving on the roadway.

26.     Nevertheless, Defendant, Robert W. Cox , despite knowing these actions and/or omissions would result in serious injury to others on the roadway operated the Kenworth in a careless disregard for the safety of persons, failed to properly observe the roadway; failed to properly brake the vehicle; failed to maneuver the Kenworth so as to avoid a collision; failed to

maintain adequate control over the Kenworth; failed to keep his eyes on the roadway; failed to take proper evasive action so as to avoid the accident; failed to operate the Kenworth in a safe manner in accordance with the conditions then and there present; operated the Kenworth without due regard for the rights, safety and position of the Plaintiff lawfully on the roadway; operated the Kenworth at too great a speed for the conditions then and there existing; failed to bring the Kenworth to a stop within the assured clear distance ahead; followed too closely behind Plaintiff's vehicle; operated the Kenworth while being distracted and/or fatigued; failed to operate, maintain, inspect and repair the vehicle in accordance with the applicable Federal Motor Carrier Safety Regulations 49 C.F.R. 390 et seq., specifically 390.11, 390.13, 391.1, 391.11, 391.13, 391.21, 391.23, 391.25, 391.27, 391.31, 391.33, 391.41, 391.43, 391.51, 391.53, 392.3, 392.4, 392.6, 395.11 through 395.3, 395.8, 396.3 and 396.7; operated the vehicle in violation of the rules and regulations of the Federal Motor Carrier Safety Regulations; operated the vehicle when he was so fatigued as to make it unsafe for him to operate the tractor-trailer in violation of 49 C.F.R. §392.3; operated the Kenworth in excess of the applicable hours of service in violation of 49 C.F.R. §395.3; failed to record his duty status properly in violation of 49 CFR §395.8; drove with brakes out of adjustment in violation of 49 C.F.R. §393.47(e); drove with inadequate brakes for safe stopping in violation of 49 C.F.R. §393.47(a); failed to inspect the vehicle prior to operate the vehicle; failed to give warning of his approach; operated a vehicle with insufficient brake performance in violation of 49 C.F.R. §393.52; failed to properly inspect the Kenworth in accordance with 49 C.F.R. §392.7; operated the Kenworth in such a condition as to likely cause an accident or a breakdown of the vehicle in violation of 49 C.F.R. §396.7; and failed to obey the rules of the road, the statutes of the Commonwealth of Pennsylvania and the ordinances of Denver Borough, Pennsylvania, in and about operated the Kenworth on the highways and

roadways of the Commonwealth of Pennsylvania.

27.     All of these acts did constitute a reckless indifference to the risk of injury to Plaintiff. As a result, Plaintiff is seeking an award of punitive damages against Defendant, Robert W. Cox .

**WHEREFORE,** Plaintiff demands judgment in her favor and against Defendant, Robert W. Cox , in an amount in excess of $50,000.00 plus delay damages, costs, and such other relief as this Court deems appropriate.

### COUNT IV
### Francis L. Nagle vs. Swift Transportation Services, LLC
### Punitive Damages

28.     Paragraphs 1-27 above are incorporated herein by reference as if fully set forth here at length.

29.     The aforementioned conduct of Defendant, Swift Transportation Services, LLC, by and through their agents, servants, workmen and/or employees including but not limited to Defendant, Robert W. Cox , was outrageous and/or done willfully, wantonly and/or with reckless indifference to the rights of the public including Plaintiff. Defendants knew or should have known that operating the vehicle at an excess rate of speed for the conditions then present and failing to keep a proper look out while operating the vehicle would result in serious injury to others driving on the roadway. Defendants knew or should have known that operating the Kenworth without checking for other vehicles would result in serious injury to others driving on the roadway. Defendants knew or should have known that operating the Kenworth when he was too fatigued to do so safely, when he was in violation of the applicable hours of service regulations, operating the vehicle with careless disregard for the safety of others, while disregarding the safety of other drivers on the roadway and operating the Kenworth in violation

of the rules and regulations of the Federal Motor Carrier Act would result in serious injury to others driving on the roadway.

30.     Nevertheless, despite knowing these actions and/or omissions would result in serious injury to others on the roadway,  Defendant, Swift Transportation Services, LLC, by and through the acts and/or omissions of its agents, servants, workmen, and/or employees, including but not limited to Defendant, Robert W. Cox , operated the vehicle in a careless disregard for the safety of persons; failed to properly observe the roadway; failed to properly brake the vehicle; failed to maneuver the Kenworth so as to avoid a collision; failed to maintain adequate control over the Kenworth; failed to keep his eyes on the roadway; failed to take proper evasive action so as to avoid the accident; failed to operate the Kenworth in a safe manner in accordance with the conditions then and there present; operated the Kenworth without due regard for the rights, safety and position of the Plaintiffs lawfully on the roadway; operated the Kenworth at too great a speed for the conditions then and there existing; failed to bring the Kenworth to a stop within the assured clear distance ahead; followed too closely behind Plaintiff's vehicle; operated the Kenworth while being distracted and/or fatigued; failed to operate, maintain, inspect and repair the vehicle in accordance with the applicable Federal Motor Carrier Safety Regulations 49 C.F.R. 390 et seq., specifically 390.11, 390.13, 391.1, 391.11, 391.13, 391.21, 391.23, 391.25, 391.27, 391.31, 391.33, 391.41, 391.43, 391.51, 391.53, 392.3, 392.4, 392.6, 395.11 through 395.3, 395.8, 396.3 and 396.7 ; operated the vehicle in violation of the rules and regulations of the Federal Motor Carrier Safety Regulations; operated the vehicle when he was so fatigued as to make it unsafe for him to operate the tractor-trailer in violation of 49 C.F.R.§392.3; operated the Kenworth in excess of the applicable hours of service in violation of 49 C.F.R. §395.3; failed to record his duty status properly in violation of 49 CFR §395.8; drove with brakes out of

adjustment in violation of 49 C.F.R. §393.47(e); drove with inadequate brakes for safe stopping in violation of 49 C.F.R. §393.47(a); failed to inspect the vehicle prior to operate the vehicle; failed to give warning of his approach; operated a vehicle with insufficient brake performance in violation of 49 C.F.R. §393.52; failed to properly inspect the Kenworth in accordance with 49 C.F.R. §392.7; operated the Kenworth in such a condition as to likely cause an accident or a breakdown of the vehicle in violation of 49 C.F.R. §396.7; and failed to obey the rules of the road, the statutes of the Commonwealth of Pennsylvania and the ordinances of Denver Borough, Pennsylvania, in and about operated the Kenworth on the highways and roadways of the Commonwealth of Pennsylvania.

31.     The conduct of Defendant, Swift Transportation Services, LLC, was outrageous and/or done willfully, wantonly and/or with reckless indifference to the rights of the public including Plaintiff in its own right. Defendant, Swift Transportation Services, LLC, knew or should have known that permitting Defendant, Robert W. Cox , to violate the rules of the road and/or drive while distracted and/or fatigued would result in serious injury to the traveling public, including Plaintiff. Defendant, Swift Transportation Services, LLC, knew or should have known that permitting Defendant, Robert W. Cox , to operate vehicle when he was not qualified to do so, when he could not do so safely, when he would be operating the vehicle while he was too fatigued to do so and while he was in violation of the applicable hours of service regulations would result in serious injury to others driving on the roadway. Defendant, Swift Transportation Services, LLC, knew or should have known that failing to hire and retain only competent drivers would result in serious injury to others driving on the roadway. Defendant, Swift Transportation Services, knew or should have known that failing to properly train and supervise its agents, servants, workmen, and/or employees, including but not limited to Defendant, Robert W. Cox ,

would result in serious injury to others driving on the roadway.  Moreover, Defendant, Swift

Transportation Services, LLC,  knew or should have known that failing to inspect, maintain,

repair and operate its vehicle in compliance with all applicable standards and regulations,

including but not limited to the Federal Motor Carrier Safety regulations would result in serious

injury to others driving on the roadway.

32.      Despite such knowledge, Defendant, Swift Transportation Services nevertheless,

negligently entrusted Defendant, Robert W. Cox , with the vehicle it owned, when it knew or

should have known that he lacked sufficient skill, judgment and prudence in the operation of a

motor vehicle; failed to adequately instruct Defendant, Robert W. Cox , in the safe operation of a

motor vehicle prior to entrusting him with its vehicle; failure to prevent Defendant, Robert W.

Cox , from operating the its vehicle until he had sufficient ability to operate the motor vehicle

safely; failed to adequately ascertain that Defendant, Robert W. Cox , lacked the ability

necessary to safely operate its vehicle under the circumstances; failed to provide Defendant,

Robert W. Cox , with the equipment to safely operate a tractor trailer; failed to operate, maintain,

inspect and repair the vehicle in accord with the applicable Federal Motor Carrier Safety

Regulation, 49 C.F.R. 390 et seq., specifically 390.11, 390.13, 391.1, 391.11, 391.13, 391.21,

391.23, 391.25, 391.27, 391.31, 391.33, 391.41, 391.43, 391.51, 391.53, 392.3, 392.4, 392.6,

395.11 through 395.3, 395.8, 396.3 and 396.7; failed to properly qualify Defendant, Robert W.

Cox , as required by Federal Motor Carrier Safety Regulation 49 C.F.R. 391 et seq.; failed to

provide its employee, Defendant, Robert W. Cox ,, with proper training necessary to drive the

vehicle; operated the vehicle in violation of the rules and regulations of the Federal Motor

Carrier Safety Regulations; failed to conduct a background check of Defendant, Robert W. Cox

's, driving record as required by 49 CFR 391 et seq.; permitted its employee, Defendant, Robert

W. Cox , to operate the tractor-trailer when it knew or should have known that he was too fatigued to do so safely, in violation of 49 C.F.R. 392.3; permitted its employee, Defendant, Robert W. Cox , to operate its vehicle when it knew or should have known that he was operating the vehicle in excess of the applicable hours of service in violation of 49 C.F.R. 395.3; permitted its employee, Defendant, Robert W. Cox , to continue to operate its vehicle when it knew or should have known that he was not recording his duty status accurately in violation of Federal Motor Carrier Safety Regulation 49 C.F.R. 395.8; permitted its employee, Defendant, Robert W. Cox , to operate its vehicle when it knew or should have known he would drive while being distracted; aided, abetted, encouraged, and/or required its agents, servants, workmen and employees, including but not limited to Defendant, Robert W. Cox , to violate the Federal Motor Carrier Safety Regulations in violation of 49 C.F.R. §390.13; and failed to properly supervise Defendant, Robert W. Cox , in the operation of a tractor-trailer to ensure compliance with the Federal Motor Carrier Safety Regulations.

    33.    All of these acts did constitute a reckless indifference to the risk of injury to Plaintiff.

    **WHEREFORE**, Plaintiff demands judgment in his favor and against Defendant, Swift Transportation Services, LLC, in an amount in excess of $50,000.00 plus delay damages, costs, and such other relief as this Court deems appropriate.

Respectfully submitted,

**MUNLEY LAW, P.C.**

By: _Robert W. Munley III_

Robert W. Munley, III
Attorney for Plaintiff

**VERIFICATION**

I, Francis L. Nagle, verify that the statements made in the foregoing Complaint are true
and correct to the best of my knowledge, information, and belief. I understand that this statement
is made subject to the penalties of 18 Pa. C.S. § 4904, relating to unsworn falsification to
authorities.

_Francis L. Nagle_
Francis L. Nagle

Respectfully Submitted,

PION, NERONE, GIRMAN,
WINSLOW & SMITH, P.C.

Date:  January 8, 2019         By: _/s/ James DeCinti_

John T. Pion, Esquire
Pa. I.D. No. 43675
jpion@pionlaw.com
One Gateway Ctr. – Suite 1500
420 Ft. Duquesne Blvd.
Pittsburgh, PA 15222
(412) 281-2288

James DeCinti, Esquire
Pa. I.D. 77421
jdecinti@pionlaw.com
Megan C. Zei, Esquire
Pa. I.D. No. 309536
mzei@pionlaw.com
Payne Shoemaker Bldg, 10th Fl.
240 North Third Street
Harrisburg, PA 17101
(717) 737-5833

Counsel for Defendants,
**Robert W. Cox and**
**Swift Transportation Services, Inc.**

## CERTIFICATE OF SERVICE

I, James DeCinti, Esquire, hereby certify that a true and correct copy of the foregoing *Defendants' Notice of Removal* was served upon counsel of record via electronic mail, this 8th day of January 2019, as follows:

### *VIA ELECTRONIC MAIL*

Robert W. Munley, III
THE MUNLEY LAW, P.C.
The Forum Plaza
227 Penn Avenue
Scranton, PA  18503
bobm@munley.com
*Counsel for Plaintiff*

PION, NERONE, GIRMAN,
WINSLOW & SMITH, P.C.

By /s/ James DeCinti
James DeCinti, Esquire

Counsel for Defendants,
**Robert W. Cox and**
**Swift Transportation Services, Inc.**