# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FRANCIS L. NAGLE, | |
| Plaintiff, | NO. 3:19-CV-0043 |
| v. | (JUDGE CAPUTO) |
| ROBERT W. COX and SWIFT TRANSPORTATION SERVICES, INC., | |
| Defendants. | |

## **MEMORANDUM**

Before me is the Motion to Transfer Venue (Doc. 2) filed by Robert W. Cox and Swift Transportation Services, Inc. (collectively, "Defendants"). Francis Nagle ("Plaintiff"), a citizen of Missouri, filed this action in Pennsylvania state court against Defendants for injuries he sustained in a tractor trailer accident in Lancaster County, Pennsylvania. Defendants timely removed the action to this Court pursuant to 28 U.S.C. § 1332. Now, Defendants seek to have this action transferred to the United States District Court for the Eastern District of Pennsylvania because, among other reasons, the accident occurred in that District, Plaintiff is not a citizen of the Middle District of Pennsylvania, and this District has no connection to this litigation other than the fact that Plaintiff's counsel's office is located here. Because Defendants have met their burden of establishing that the relevant public and private interest factors weigh in favor of transfer, Defendants' motion will be granted and the action will be transferred to the United States District Court for the Eastern District of Pennsylvania.

## I. Background

Plaintiff commenced this action on or about December 21, 2018 in the Court of Common Pleas of Lackawanna County, Pennsylvania. (*See* Doc. 1, Ex. "A"). In the Complaint, Plaintiff alleges that he sustained injuries from a motor vehicle accident that occurred on October 10, 2017 on the Pennsylvania Turnpike in Denver Borough,

Lancaster County, Pennsylvania. (*See id*. at ¶¶ 5, 8). According to the Complaint, Plaintiff was struck by a tractor trailer driven by Robert W. Cox, an employee of Swift Transportation Services, Inc. (*See id*. at ¶¶ 4-7).

In the Complaint, Plaintiff avers that he is a citizen of Missouri, Defendant Swift is a citizen of Arizona, and Defendant Cox is a West Virginia citizen. (*See id*. at ¶¶ 1-3; *see also* Doc. 1, ¶¶ 5-7).

Defendants timely removed the action to this Court on January 8, 2019. (*See id*., *generally*). The next day, Defendants filed the instant motion to transfer venue to the United States District Court for the Eastern District of Pennsylvania. (*See* Doc. 2, *generally*). In their supporting brief, Defendants argue that transfer to the Eastern District of Pennsylvania is warranted because, *inter alia*, the accident at issue occurred there, Plaintiff is not from this District, and the only connection to this District is the office of Plaintiff's counsel. (*See* Doc. 3, *generally*). Plaintiff opposes the motion. (*See* Doc. 6, *generally*). The motion to transfer venue has been fully briefed and is now ripe for disposition.

## II. Discussion

A motion to transfer venue is brought pursuant to 28 U.S.C. § 1404(a). Section 1404(a) provides: "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought . . . ." 28 U.S.C. § 1404(a). Courts have "broad discretion to determine, on an individualized, case-by-case basis, whether convenience and fairness considerations weigh in favor of transfer." *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 883 (3d Cir. 1995) (citing *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 30-31 (1988)). "The burden of establishing the need for transfer . . . rests with the movant," and "the plaintiff's choice of venue should not be disturbed lightly." *Id.* at 879 (quotation and citation omitted). "[U]nless the balance of convenience of the parties is strongly in favor of defendant, the plaintiff's choice of forum should prevail." *Shutte v. Armco Steel Corp.*, 431 F.2d 22, 25 (3d Cir. 1970) (quotation and citation

2

omitted). Restated, "a transfer is not to be liberally granted." *Intel Corp. v. Broadcom Corp.*, 167 F. Supp. 2d 692, 706 (D. Del. 2001) (citing *Shutte*, 431 F.2d at 25).

In considering whether to transfer an action pursuant to § 1404(a), courts are not limited to consideration of the three factors enumerated in the statute. *See Jumara*, 55 F.3d at 879. Rather, courts in this circuit are instructed to "consider all relevant factors to determine whether on balance the litigation would more conveniently proceed and the interests of justice be better served by transfer to a different forum." *Id.* (citation omitted). Both public and private interest factors are considered in evaluating a transfer under § 1404(a). Private interest factors include: (1) the plaintiff's choice of forum; (2) the defendant's preferred forum; (3) where the claim arose; (4) the convenience of the parties; (5) the convenience of the witnesses, but only to the extent that the witnesses may be unavailable for trial in one of the fora; and (6) the location of books and records, again, only to the extent that they may not be available in one of the fora. *Id.* Relevant public interest considerations include: (1) the enforceability of the judgment; (2) practical considerations that could make the trial easier, quicker, or less expensive; (3) court congestion; (4) local interest in the controversy; (5) public policies of the fora; and (6) the trial judge's familiarity with the applicable state law in diversity cases. *Id.* at 879-80. Again, unless these factors "strongly favor" the movant's request, "the plaintiff's choice of forum should prevail." *Shutte*, 431 F.2d at 25.

Before considering the private and public interests of a transfer, the court must determine whether the action "might have been brought" in the proposed transferee district. *See High River Ltd. P'ship v. Mylan Labs., Inc.*, 353 F. Supp. 2d 487, 492 (M.D. Pa. 2005) (citation omitted); *see also E. Roof Sys., Inc. v. Simon Prop. Grp., Inc.*, No. 14-717, 2015 WL 679220, at *2 (M.D. Pa. Feb. 17, 2015) (before the court analyzes the public and private factors when presented with a motion to transfer venue, the court must first "decide whether the district to which the movant seeks to transfer the case has proper jurisdiction and venue, *i.e.*, could the case have been

brought in the transferee district in the first instance."). Here, as it is undisputed that the action could have been commenced in the Eastern District of Pennsylvania, I will proceed to consider the private and public interest factors.

A.  **Private Interest Factors**.

The first *Jumara* private interest factor is Plaintiff's choice of forum. *See Jumara*, 55 F.3d at 879. As noted, a plaintiff's choice of forum should not be disturbed lightly. *See Shutte*, 431 F.2d at 25. However, "'a plaintiff's choice of forum is given less deference where the plaintiff chooses a forum outside of its state of residence.'" *Sinclair Cattle Co. v. Ward*, 80 F. Supp. 3d 553, 564 (M.D. Pa. 2015) (quoting *Advanced Fluid Sys., Inc. v. Huber*, No. 13-3087, 2014 WL 1808652, at *17 (M.D.Pa. May 7, 2014)). A plaintiff's choice of forum is also entitled to "'less deference when none of the conduct complained of occurred in plaintiff's selected forum.'" *Id*. (quoting *Lomanno v. Black*, 285 F. Supp. 2d 637, 644 (E.D. Pa. 2003)).

Here, Defendants note that Pennsylvania is not Plaintiffs's home forum, and that the accident giving rise to this action occurred outside of this District. Plaintiff does not dispute these facts, but insists that because Swift has a terminal location in this District, discovery "may reveal" that the tractor trailer came from that location or made a stop at that location. (*See* Doc. 6, 6). Plaintiff's argument is entirely speculative, and he does not identify any operative facts that took place in this District. Indeed, "[t]he only connection to this District is [Plaintiff's] attorneys' office is here. In the absence of any meaningful connection to this district, [Plaintiff's] choice of forum is not given the usual deference accorded a plaintiff's choice." *Bouldin v. Drudge*, No. 17-89, 2017 WL 590266, at *2 (E.D. Pa. Feb. 14, 2017); *see also Stanley v. Columbia Sussex Mgmt., LLC*, No. 18-1989, 2018 WL 2994642, at *1 (E.D. Pa. June 14, 2018) ("venue is properly focused on the parties, not their lawyers"); *Mullen v. Norfolk S. Ry. Co.*, No. 13-6348, 2014 WL 1370119, at *9 (E.D. Pa. Apr. 8, 2014) ("The only connection in this district is the offices of Plaintiff's attorney. That is not sufficient.").

The second *Jumara* private interest factor is Defendants' preferred forum. *See*

4

*Jumara*, 55 F.3d at 879. Transfer should not be granted on the grounds of a defendant's forum preference where it would "merely shift the inconvenience from the defendant to the plaintiff." *Blue Ribbon Commodity Traders, Inc. v. Quality Foods Distrib.*, No. 07-4037, 2008 WL 269487, at *3 (E.D.Pa. Jan.31, 2008) (quoting *Aquarium Pharma., Inc. v. Indus. Pressing & Packaging, Inc.*, 358 F.Supp. 441, 446 (E.D. Pa.1973)). Here, it is evident that Defendants' forum preference is not based on a desire to inconvenience Plaintiff. Rather, it is premised on the fact that the operative facts concerning the accident at issue all took place in the Eastern District of Pennsylvania. This factor thus weighs in favor of transfer. *See, e.g.*, *Bouldin*, 2017 WL 590266, at *2.

The next *Jumara* private interest factor is the place where the claim arose. *See Jumara*, 55 F.3d at 879. As noted, although Plaintiff speculates that some event may have occurred in this District, the automobile accident which forms the basis of the Complaint occurred in the Eastern District of Pennsylvania. Thus, the third *Jumara* private interest factor weighs in favor of transfer. *See, e.g.*, *Erb v. Roadway Express, Inc.*, No. 0511, 2005 WL 1215955, at *4 (M.D. Pa. Apr.19, 2005) (the fact that multi-vehicle accident occurred in Indiana weighed in favor of transfer).

The remaining *Jumara* private interest factors, *i.e.*, the convenience of the parties, the convenience of the witnesses, and the location of books and records, are all neutral. *See Jumara*, 55 F.3d at 879. With respect to the convenience of the parties, Defendants are citizens of Arizona and West Virginia, while Plaintiff is a citizen of Missouri. Thus, this factor does not weigh either in favor of or against transfer. *Accord Solomon v. Continental Am. Life Ins. Co.*, 472 F.2d 1043, 1047 (3d Cir. 1973.) ("convenience of counsel is not a factor to be considered" under § 1404). Further, while the investigation of the accident took place in the Eastern District, it is unclear whether any law enforcement or other potential witnesses would be unavailable for trial here. So this factor is also neutral. Finally, the location of books and records is a relevant consideration only to the extent that they could not be produced in the

5

alternative forum, and Defendants acknowledge that there is no indication that the availability of such records is forum-dependent.

On whole, the private interest factors weigh in favor of transferring this action to the Eastern District of Pennsylvania. *See, e.g.*, *Foster v. Marriott Resort Hosp. Corp.*, No. 17-12901, 2018 WL 3360763, at *2 (D.N.J. July 10, 2018).

**B.      Public Interest Factors.**

As to the *Jumara* public interest factors, any judgment will be equally enforceable in this Court or the proposed transferee court. *See Jumara*, 55 F.3d at 789. Accordingly, the first *Jumara* public interest factor is neutral.

Second, the public interest inquiry also involves consideration of "practical considerations that could make the trial easy, expeditious, or inexpensive." *Jumara*, 55 F.3d at 879. This factor weighs in favor of transfer because trying the action in the Eastern District where the accident occurred provides a more efficient manner for resolving the dispute. *See, e.g.*, *Bouldin*, 2017 WL 590266, at *3.

The third *Jumara* public interest factor is the "relative administrative difficulty in the two fora resulting from court congestion." *Jumara*, 55 F.3d at 879. This factor is neutral to the transfer analysis.

The public interest inquiry also considers the local interest in the controversy. *See Jumara*, 55 F.3d at 879. While there is a local interest in determining local controversies at home, "this factor is less significant where, as here, whether or not the case is transferred, [Plaintiff] will have a Pennsylvania forum." *Morrison v. Lindsey Lawn & Garden, Inc.*, No. 13-1467, 2014 WL 831570, at *5 (E.D. Pa. Mar. 4, 2014); *see also Jumara*, 55 F.3d at 882–83 (finding no "distinct public interest in resolving the claims in a Luzerne County Court as opposed to in Philadelphia"). As such, this factor slightly supports a transfer of this litigation. *See, e.g.*, *Bouldin*, 2017 WL 590266, at *3.

The final two *Jumara* public interest factors are neutral. *See Jumara*, 55 F.3d at 879-80. Specifically, the public policies of the fora are the same as both this Court

6

and the proposed transferee court are located in the Commonwealth of Pennsylvania. *See*, *e.g.*, *Simon v. Ward*, 80 F. Supp. 2d 464, 471 n.12 (E.D. Pa. 2000) (no meaningful differences between the public policies of the Eastern and Middle Districts of Pennsylvania). Similarly, "because both fora are in Pennsylvania, this case presents no issues regarding the familiarity of the judges in each District with the applicable state law." *Morrison*, 2014 WL 831570, at *5.

In total, the Eastern District of Pennsylvania has an interest in resolving this case, while this District has none. So the public interest factors weigh in favor of transfer. *See*, *e.g.*, *Bouldin*, 2017 WL 590266, at *3.

**C. Balancing the *Jumara* Factors.**

Upon consideration of the *Jumara* factors, Defendants' motion to transfer this litigation to the Eastern District of Pennsylvania will be granted. Here, many considerations weigh in favor of transfer, the most significant of which is that the accident occurred in the proposed transferee district. *See*, *e.g.*, *Bouldin*, 2017 WL 590266, at *3. Also important is the lack of a connection between this District and the litigation at issue. Indeed, none of the applicable private and public interest factors weigh in favor of the litigation proceeding in the Middle District of Pennsylvania. The only connection to this District is that Defendant Swift conducts business here and Plaintiff's attorneys have their offices here. *See id*. As the private and public interest factors all weigh in favor of transfer or are neutral, Defendants have satisfied their burden of demonstrating transfer is warranted under 28 U.S.C. § 1404(a).

### III. Conclusion

For the above stated reasons, Defendants' motion to transfer venue will be granted. The action will be transferred to the United States District Court for the Eastern District of Pennsylvania.

An appropriate order follows.

| | |
|---|---|
| March 15, 2019<br>Date | /s/ A. Richard Caputo<br>A. Richard Caputo<br>United States District Judge |